# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **PANTAURUS LLC,**<br><br>                          Plaintiff,<br>v.<br><br>**IMATION CORP.,**<br><br>                          Defendant. | Case No. 1:13-cv-547<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff PanTaurus LLC files this Complaint against Imation Corp., for infringement of United States Patent No. 6,272,533 (the "'533 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff PanTaurus LLC ("Plaintiff" or "PanTaurus") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 2305 North Street, Suite 205, Beaumont, Texas 77702.

4. Upon information and belief, Defendant Imation Corp. ("Defendant") is a Delaware corporation with its principal office located at 1 Imation Place, Oakdale, Minnesota 55128. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in

the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, Defendant's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,272,533)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '533 Patent with sole rights to enforce the '533 Patent and sue infringers.

10. A copy of the '533 Patent, titled "Secure Computer System And Method Of Providing Secure Access To A Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device," is attached hereto as Exhibit A.

11. The '533 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

### (Direct Infringement)

12. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '533 Patent, including at least claim 29, by making, using,


importing, selling and/or offering for sale secure computer systems covered by one or more claims of the '533 Patent, including without limitation Imation encrypted storage drives (for example, the Ironkey Enterprise S250 and D250 flash drive models) that are FIPS 140-2 compliant (the "Accused Instrumentalities"). (The Accused Instrumentalities are not limited to the time period after FIPS 140-2 compliance was achieved.)

**(Indirect Infringement – Inducement)**

13. Upon information and belief, Defendant has induced infringement and continues to induce infringement of one or more claims of the '533 Patent, including at least claim 29, by end users of the Accused Instrumentalities. Defendant specifically intended for end users of the Accused Instrumentalities to infringe the '533 Patent and knew that the end users' acts constituted infringement. Defendant had knowledge of the '533 Patent or acted with willful blindness to the '533 Patent, and Defendant had the specific intent to cause infringement.

14. Prior to service of this action, Defendant had knowledge of the '533 Patent or was willfully blind to the '533 Patent. Knowledge or willful blindness can be inferred from the fact that the '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in approximately 60 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Intel (18 times), Dot Hill Systems (13 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Hewlett Packard, Lockheed Martin, and STMicroelectronics.

15. At least since service of this action, Defendant has had knowledge of the '533 Patent.

16. Upon information and belief, since Defendant has been on notice of the '533 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause end users of the Accused Instrumentalities to use the Accused Instrumentalities in a manner that infringes one or more claims of the '533 Patent, including at least claim 29.

17. Defendant's specific intent to cause infringement can be inferred from, without limitation, the facts that Defendant makes, uses, sells, offers for sale and/or imports the Accused Instrumentalities comprising or containing the infringing secure computer system, that Defendant markets the security features of the Accused Instrumentalities, that Defendant differentiates the Accused Instrumentalities from other similar devices that do not contain such security features, and that Defendant has obtained a special FIPS 140-2 security certification, which is a United States government computer security standard, to promote the sale and use of Accused Instrumentalities.  In addition, Defendant has not produced any evidence showing any investigation or design around, or that it has taken any remedial action with respect to the '533 Patent.

18. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of induced infringement after a reasonable opportunity for discovery on this issue.

**(Additional Allegations Related to Count One)**

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT 2
## WILFUL INFRINGEMENT

21. Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22. The infringement of the '533 Patent by Defendant has been willful and continued to be willful after Defendant had knowledge of the '533 Patent. Upon information and belief, Defendant had knowledge of the '533 Patent because the '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in approximately 60 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Intel (18 times), Dot Hill Systems (13 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Hewlett Packard, Lockheed Martin, and STMicroelectronics.

23. After the time Defendant had knowledge of the '533 Patent, it continued to directly infringe the '533 Patent and/or induce infringement of the '533 Patent. Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '533 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant.

24. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,272,533;

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff enhanced damages as provided under 35 U.S.C. § 284;

e) Award Plaintiff pre-judgment and post-judgment interest and costs;

f) Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 3, 2013                 Respectfully submitted,

_/s/ Craig Tadlock_
Craig Tadlock
State Bar No. 00791766
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
keith@tadlocklawfirm.com

Case 1:13-cv-00547-RC   Document 1   Filed 09/03/13   Page 7 of 7 PageID #:  7

7

*Attorneys for Plaintiff PanTaurus LLC*

7